UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JARED DALE GILLESPIE,

        Plaintiff,        2:14-cv-00950-TC

        v.        FINDINGS AND RECOMMENDATION

DR. GARTH GULICK, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Defendants filed a Motion for Summary Judgment (#47) on July 6, 2015. On July 7, 2015, plaintiff was sent a Summary Judgment Advice Notice (#49), which advised plaintiff that his response to defendants' motion was due by August 10, 2015. By Order (#53) plaintiff's motion for extension of time to file a response to defendants' motion for summary judgment was allowed. Pursuant to that order, plaintiff's response was due by September 9, 2015 and the motion was taken under advisement

1 - FINDINGS AND RECOMMENDATION

by the court as of that date.

Plaintiff did not filed a response to defendants' motion or requested an extension of time in which to do so. By Order (#57) entered November 30, 2015, plaintiff was allowed 14 days to show cause why defendants' unopposed motion for summary judgment (#47) should not be allowed.

Plaintiff was advised that failure to show cause as directed in the court's order would result in the court granting the motion for summary judgment for the reasons set forth therein and dismissing this case for failure to prosecute.

Plaintiff did not file a response to the court's order to show cause. Therefore, this case should be dismissed for failure to prosecute.

In addition, I find that the uncontradicted declaration of Dr. Steven Shelton and Attachments 1-13 (#48) establish that defendants were not deliberately indifferent to plaintiff's serious medical needs. To the contrary, the record before the court establishes that defendants treated plaintiff with a variety of prescription drugs, consulted with outside experts and ultimately approved surgery for plaintiff condition. I further find that plaintiff's claims of deliberate indifference are undermined by considerable evidence of drug-seeking behavior and malingering by plaintiff

2 - FINDINGS AND RECOMMENDATION

and self reported exaggerated symptoms and pain levels.

The undisputed facts before the court establish that defendants response to plaintiff's alleged symptoms did not violate any of plaintiff's clearly established constitutional rights. However, even if some minimal encroachment did arguably occur, defendants are qualifiedly immune from liability for damages because their response was a reasonable interpretation of the law governing the circumstances they confronted. <u>Brosseau v. Haugen</u>, 543 U.S. 194, 202; <u>Harlow v. Fitzgerald</u>, 457 U.S. 800.

Based on the foregoing, I find that there are no genuine issues of fact remaining in this case and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' Motion for Summary Judgment (47) should be allowed and the Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have

3 - FINDINGS AND RECOMMENDATION

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.**

DATED this 8 day of January, 2016.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION